# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| THOMAS RAMEY, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-23684 |
| ) | Criminal Action No. 2:12-00154 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 30.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 33.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 38.)

## FACTUAL BACKGROUND

On August 8, 2012, Movant pled guilty to a single count Information charging him with making False Statements to a Federal Officer, in violation of 18 U.S.C. § 1001. (Criminal Action No. 1:12-00176, Document Nos. 8, 12, 13.) A Presentence Investigation Report was prepared. (Id., Document No. 26.) The District Court determined that Movant had a Base Offense Level of 6, and a Total Offense Level of 4, the Court having applied a two-level reduction for acceptance of

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., pp. 11 and 21.) The District Court sentenced Movant on November 15, 2012, to serve a 21-month term of incarceration to be followed by a two-year term of supervised release. (Id., Document No. 24.) The District Court also imposed a $100 special assessment and a $1,000.00 fine. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On September 25, 2013, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:13-23684, Document Nos. 30 and 31.) As grounds for *habeas* relief, Movant alleges as following: (1) The District Court erred by imposing sentence resulting in an unwarranted sentencing disparity; and (2) Trial counsel acted ineffectively. (Id.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL

36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by

a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1. **Mootness:**

Article III, Section 2 of the United States Constitution provides that Federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the United States Constitution. Lewis v. Continental Bank Corp., 494 U.S. at 477 - 478, 110 S.Ct. at 1253 - 1254. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion continues to be viable therefore while he is on supervised release. Smith v. United States, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin). When a change occurs, however, which eliminates a Section 2255 Movant's interest in the outcome or need for the requested relief, the case becomes moot. Hurt v. United States, 2009 WL 36491, *3 (S.D.W.Va.)(J. Faber). The termination or expiration of the term of supervised release and complete discharge of the sentence is such a change. (Id.)

According to the BOP's Inmate Locator, Movant was released from custody on August 6, 2014. Movant was on supervised release following his release from custody for approximately one year and six months. While Movant was on supervised release, his Section 2255 Motion continued to be viable. By Order entered on February 5, 2016, the District Court discharged Movant from his term of supervised release. (Criminal Action No. 2:12-cr-00154, Document No. 39.) Movant, therefore, completed his entire sentence on February 5, 2016, and there could be no "collateral consequences" beyond that point in time. Accordingly, Movant's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2255 Motion must be dismissed. Notwithstanding the foregoing, the undersigned will

briefly address the merits of Movant's claims.

**2.    Error in Sentencing:**

In his Motion, Movant appears to challenge the validity of his sentence. (Civil Action. 2:13-23684, Document No. 31.) Specifically, Movant argues that his sentence resulted in an unwarranted sentencing disparity. (Id.) Movant contends that "the disparity of sentences between co-defendants Ramey, Whitten, and Bowman gives rise to a cognizable claim under 28 U.S.C. § 2255." (Id.)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 2:12-00154, Document No. 13, pp. 4 - 5.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with th terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In his Motion, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action No. 2:13-23684, Document No. 31.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated,

6

in pertinent part, as follows:

> Mr. Ramey is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed by the District Court. Nonetheless, Mr. Ramey knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute…
>
> * * *
>
> Mr. Ramey also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Civil Action No. 2:13-23684, Document No. 13, pp. 4 - 5, ¶ 12.) Considering Movant's educational background, the record reveals that Movant graduated college, magna cum laude, with a bachelor's degree in Business Administration and Management. (Criminal Action No. 2:12-00154, Document No. 26, p. 13.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived his right to challenge the validity of his conviction and sentence.

3.  **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant

received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so

serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable.[2] Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

A.   Counsel's alleged misrepresentation regarding sentencing.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), *abrogated on other grounds*, Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

---

[2]  Movant was represented by Mr. Gregory J. Campbell.

9

In his Motion, Movant alleges that his plea was made unknowingly because trial counsel failed to adequately explain Movant's sentencing exposure. (Civil Action No. 2:13-23684, Document No. 31, pp. 5 - 6.) Specifically, Movant explains that "Mr. Campbell advised [him] that if he plead guilty to a false statement [Movant] would face very little, if any (0 - 6 months) prison time. However, he could face 5 - 15 years in prison if [Movant] went to trial for multiple charges because they don't play fair." (Id., p. 5.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Ramey will plead guilty to a violation of 18 U.S.C. § 1001 (false statement) as charged in said information." (Criminal No. 2:12-00154, Document No. 13, p. 1.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id., pp. 1 - 2.) Specifically, the plea agreement states that Movant faced a term of "imprisonment for a period of 5 years." (Id.) The plea agreement further stated at Paragraph 14 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 5.) Based on the foregoing, the undersigned finds Movant's allegation that his plea was entered into unknowingly due to ineffective assistance of counsel, specifically misrepresentations of his attorney respecting his sentence, is without merit.

**B.     Counsel's alleged ineffectiveness at sentencing.**

Finally, Movant argues that trial counsel acted ineffectively during sentencing. (Civil Action No. 2:13-23684, Document No. 31, pp. 9 - 17.) Movant claims trial counsel allowed an implication of a conspiracy "pervade the stipulation of facts, plea agreement, and pre-sentence report." (Id.) Movant further argues that trial counsel failed to "explain [Movant's] role within the canvassing process." (Id., p. 13.) Movant argues that trial counsel allowed the District Court to

form an incorrect perception that Movant was guilty of conspiring with his Mr. Whitten and Mr. Bowman. (Id.) Movant argues that the District Court would not have discredited Movant's defense of ignorance of the law if trial counsel would have called the "dozens of people to testify to their same understanding of the law." (Id., p. 14.)

Based upon a review of the record, the undersigned finds that trial counsel was not ineffective during sentencing. The District Court was clearly aware that Movant plead guilty to making false statements – not a conspiracy. Although the District Court explained that Movant's relevant conduct could be considered, the District Court acknowledged that "the defendant is not charged with a conspiracy. He is charged with lying to an FBI agent and he has pled guilty to that." (Criminal Action No. 2:12-00154, Document No. 29, p. 18.) Next, trial counsel did not act ineffectively in failing to object to the relevant conduct included in Movant's Presentence Report. The record reveals that the disputed portions of the relevant conduct included in the Presentence Report were derived from the Stipulation of Facts as set forth in the Movant's plea agreement.[3] (Id., Document No. 26.) The undersigned notes that prior to filing his instant Section 2255 Motion, Movant never disputed the validity of his plea agreement. Third, Movant contends trial counsel was ineffective in failing to educate the Court as to Movant's role in the underlying offense. The record, however, reveals that Movant was given the opportunity to make a statement at sentencing. Movant, therefore, had the opportunity to explain his role in the underlying offense to the District Court. (Criminal Action No. 2:12-00154, Document No. 29, pp. 21 - 24.) Finally, the undersigned finds that trial counsel was not ineffective in failing to call witnesses in support of Movant's defense of ignorance of the law. The record reveals that trial counsel submitted numerous letters

---

[3] Although trial counsel initially filed objections to the Presentence Report, trial counsel withdrew those objections and Movant received a reduction for acceptance of responsibility. (Criminal Action No. 2:12-00154, Document No. 29, pp. 18 and 19.)

on behalf of Movant and that the District Court appropriately considered Movant's ignorance of the law defense. Specifically, the District Court stated as follows:

> Mr. Ramey, I gathered from everything I reviewed, including the letters, that you may very well have started out in, first, community issues or issues of public concern and, later, in politics as an idealistic young man trying to make a difference in issues that you saw were important to your community and that's a great thing. Idealistic youth, fresh, new, eager faces are probably what most renews the public's interest and enthusiasm for politics and public service from time to time, especially when we're all tempted to become disgusted or disenchanted with politics and, yet, your idealism apparently yielded to corruption at some point.
>
> Now you, I imagine, had, at some point, some political mentors, people who had more experience than you, who took you under their wings and guided and promoted you as a young man in politics. If there were such people, I don't know who they were, but if there are such people, and they're officeholders, I hope the people of Lincoln County will also hold them accountable for the environment you found yourself in or, for the very least, for not teaching you better.
>
> Now, having said all of that, youth and being new to politics are no excuse for this sort of activity. I, too, was once a young man getting involved in politics. It was exciting. It was interesting. It was an opportunity to serve. It was an opportunity to advance ideas that I believed in. I was idealistic as well, but even though I was young and new to politics, I certainly understood that it was wrong to try to cheat in an election, to try to falsify election documents, or to lie to the FBI about it. Regardless of who may have influenced you, you are solely accountable for your actions.
>
> I note that you have, in my estimation, been the least cooperative of the three defendants and, certainly, the last to cooperate.
>
> Now in the letters, you did indeed have a lot of people who were willing to say kind things about you and I have no doubt that before all of this happened, and maybe even after, you did some good things. I could say the same thing about the other two defendants and, in fact, I did, but that's not what's at issue here.
>
> Also, there's a consistent theme in the 20 letters that I read. It's not in all of them, but it's in most of them, and that is this business that you believed that absentee ballots were - - could be - - applications could be submitted and absentee ballots voted for no excuse at all; in other words, a justification for it didn't have to be given. I recognize a campaign when I see one. It is remarkable that so many of these letters include passages that were merely identical on those points.
>
> Further, I find it incredible, especially now that I have seen the form, that you could be so incorrect about the law, but even if you were, ignorance of the law is no excuse and, in particular, as a candidate before the Board of Education and, in 2010, as a candidate for County Commissioner and, perhaps most importantly, as a member of the Board of Canvassers, you should have known better and you should have taken the time to educate yourself on election law and, although election law is complicated, it's not that complicated. It's not rocket science and these forms

> aren't that difficult to read.
>
> That brings me to another point and that is your role on the Board of Canvassers. I find that to be perhaps the most significant distinction between your case and the other cases. The Board of Canvassers for this election was the County Commission on which you sat as a member and, yet, as the Board of Canvassers, you were a part of one of several institutions specifically given the task of ensuring that the election was free and fair and appropriately administered and in that, by the time you sat on the Board of Canvassers for this election, you failed miserably in that task.
>
> Now, for everyone in this room from Lincoln County, whether you're a member of the media, an officeholder, or just a concerned citizen, whether you're here in support of the defendant or not, this sentence that I'm about to give is meant to send a message back to Lincoln County with you and it's a message that I also stated in the Bowman and Whitten sentencing and it's very simple. Election fraud in Lincoln County and in Southern West Virginia must stop.
>
> Now, further, here's fair warning. If these sentences don't get the message across and election fraud cases are before me again from Lincoln County or any of the other notorious counties, I will conclude that even stronger sentences are necessary to deter election fraud in West Virginia and preserve the integrity of the will of the people expressed through their votes.
>
> For all of these reasons, but especially, especially for the factor of deterrence under Section 3553(a)(2)(B), it is the judgment of this Court that the defendant be committed to the custody of the Federal Bureau of Prisons for a period of 21 months.

(Id., pp. 28 - 31.) Based upon the foregoing, the undersigned finds that trial counsel was not ineffective in failing to present witness testimony in additional to the numerous letters submitted on Movant's behalf. The Court will not second-guess an attorney's tactical or strategic decisions unless they appear unreasonable in view of all of the circumstances. In view of all of the circumstances, the undersigned finds that trial counsel's strategic decisions were reasonable. There is no indication that trial counsel unreasonably failed to present mitigating evidence at sentencing, and that but for trial counsel's failure Movant would have received a less severe sentence. Accordingly, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 30) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston,

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 5, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge